[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11788
_____

D.C. Docket No. 3:13-cv-00079-BJD-JRK


TYQUISHA M. STAMPER,

Plaintiff-Appellant,

versus

DUVAL COUNTY SCHOOL BOARD,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 18, 2017)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, Circuit Judge, and
MOORE,[*] District Judge.

WILLIAM PRYOR, Circuit Judge:

_____

[*] Honorable K. Michael Moore, United States District Chief Judge for the Southern District of
Florida, sitting by designation.

This appeal requires us to decide whether the Equal Employment Opportunity Commission revived an employee's claim of discrimination—otherwise barred by the statute of limitations—when it vacated a two-year-old dismissal of the employee's administrative charge and the Department of Justice issued the employee a new notice of the right to sue her employer. If the Commission cannot, we must also decide whether the employee's mental health condition equitably tolled the limitations period for her claim of discrimination. In 2007, Tyquisha Stamper filed with the Commission a charge of race and disability discrimination against her employer, the Duval County School Board, 42 U.S.C. §§ 2000e-2, 12112. In 2009, the Commission dismissed Stamper's charge and provided her notice of her right to sue the Board within 90 days, but Stamper failed to file suit within that period. In 2011, she filed a request for reconsideration with the Commission, which then vacated the dismissal of her first charge. The Department of Justice later granted Stamper's request for a new notice of her right to sue about the same allegations of discrimination, and she filed suit within 90 days of the second notice. But the district court dismissed Stamper's complaint as untimely because she failed to file it within 90 days of receiving the first notice of her right to sue and failed to establish that she was entitled to equitable tolling of the limitations period. Because the Commission lacked the authority to issue the

2

second notice of the right to sue and Stamper failed to establish she was entitled to equitable tolling, we affirm.

## I. BACKGROUND

In 2007, Stamper filed with the Commission a charge of race and disability discrimination against the Board. On February 26, 2009, the Commission dismissed her charge because it could not "conclude that the information obtained [in its investigation] establishe[d] violations of the statutes." The Commission also provided Stamper notice that she could file a lawsuit against the Board based on the conduct alleged in her charge within 90 days of her receipt of the notice. Stamper failed to file suit within that period.

More than two years later, on July 19, 2011, Stamper filed a request for reconsideration with the Commission. On December 15, 2011, the Commission sent Stamper a "Notice of Revocation" that "vacate[d] th[e] dismissal [of Stamper's first charge] and revoke[d] the letter terminating processing of th[at] charge." The Commission stated that it issued the notice under a regulation that permits the Commission to reconsider a decision to dismiss a charge. *See* 29 C.F.R. § 1601.19(b).

Stamper then filed a second charge against the Board based on the same allegations in her first charge, and she requested another notice of her right to sue, which the Department of Justice sent her on November 5, 2012. The Department of

3

Justice, instead of the Commission, issued the second notice of Stamper's right to sue based on a regulation that requires that the Attorney General issue the notice of the right to sue when a party files a charge against a government, governmental agency, or political subdivision and requests a notice of the right to sue. *See* 29 C.F.R. § 1601.28(d)(2). Whether the Commission or the Department of Justice issued the second notice of the right to sue makes no difference in this appeal.

On January 18, 2013, Stamper filed a *pro se* complaint against the Board that alleged that it had discriminated against her on the basis of race and disability in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and Title I of the Americans with Disabilities Act, *id.* § 12111, *et seq.*, and caused her to develop catatonic schizophrenia. The Board moved to dismiss the complaint as untimely because Stamper failed to sue within 90 days of receiving the first notice of her right to sue. The district court agreed that Stamper's complaint was untimely, but denied the motion to dismiss without prejudice to permit limited discovery about whether equitable tolling was warranted. After discovery, the district court granted summary judgment in favor of the Board. It found that Stamper could have pursued her lawsuit within the original 90-day period, and even if she could not have done so, she failed to justify her more than three-year delay in filing suit.

4

## II. STANDARD OF REVIEW

"This Court reviews *de novo* summary judgment rulings and draws all inferences and reviews all evidence in the light most favorable to the non-moving party." *Craig v. Floyd Cty.*, 643 F.3d 1306, 1309 (11th Cir. 2011) (quoting *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011)).

## III. DISCUSSION

We divide our discussion in two parts. First, we explain that Stamper's complaint is untimely because the second notice of her right to sue—issued after her original limitations period expired—failed to revive the limitations period. Second, we explain that Stamper failed to establish that she is entitled to equitable tolling based on her psychiatric condition.

### A.  Stamper's Complaint Is Untimely.

An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII); *see Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (Americans with Disabilities Act). "The first step down th[e] path [to exhaustion] is filing a timely charge of discrimination with the [Commission]." *Wilkerson*, 270 F.3d at 1317. If the Commission determines after an investigation "that there is not reasonable cause to believe that the charge is

5

true, it shall dismiss the charge and promptly notify" the employee. 42 U.S.C. § 2000e-5(b). When the employee receives a notice of dismissal from the Commission, she has 90 days to file a civil action against the employer. *Id.* § 2000e-5(f)(1).

A regulation permits the Commission to reconsider a decision to dismiss a charge, 29 C.F.R. § 1601.19(b), but the effect of that decision on the timing for filing a civil action depends on when the Commission issues its notice of intent to reconsider. If the Commission issues a notice of intent to reconsider "within 90 days of [the charging party's] receipt of the final no cause determination," then the issuance of the notice "revoke[s] the charging party's right to bring suit within 90 days" so long as the charging party has not yet filed suit and has not requested and received a notice of her right to sue. *Id.* But "[i]f the 90 day suit period has expired," then "the notice of intent to reconsider . . . shall not revoke the charging party's right to sue in 90 days." *Id.* When, after reconsideration, the Commission issues a new determination, only "[i]n those circumstances where the charging party's right to bring suit in 90 days was revoked . . . shall [the determination] include notice that a new 90 day suit period shall begin upon the charging party's receipt of the determination." *Id.*

The regulation makes clear that the Commission lacked the authority to revive Stamper's claim of discrimination; that is, neither the Commission nor the

6

Department of Justice had the authority to issue Stamper a new notice of her right

to sue the Board. Stamper's original notice of her right to sue was not revoked

when the Commission reconsidered dismissal of her administrative charge. The

regulation contemplates the issuance of a new notice of the right to sue only when

the original notice was revoked, which means that the regulation does not allow the

Department of Justice to issue a new notice of the right to sue when the original

notice was *not* revoked. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The*

*Interpretation of Legal Texts* 107 (2012) ("The expression of one thing implies the

exclusion of others . . . ."). When the Commission issued Stamper a notice of intent

to reconsider after her original limitations period for filing suit had expired, the

notice of intent to reconsider failed to revoke Stamper's original notice of her right

to sue within 90 days.

The regulation codified an equitable rule followed by our predecessor court

that the Commission could restart the running of the limitations period by issuing a

second notice of the right to sue only if the Commission issued a notice of intent to

reconsider before the expiration of the original limitations period. In *Gonzalez v.*

*Firestone Tire & Rubber Co.*, the Fifth Circuit balanced two competing

considerations that concerned whether the Commission had the authority to issue a

second notice of the right to sue. 610 F.2d 241, 246 (5th Cir. 1980). On the one

hand, the court explained that granting authority to the Commission to issue a

7

second right to sue "would vitiate the limitation periods mandated by Congress in favor of ad-hoc determinations by the [Commission]." *See id.* On the other, the court considered the fairness of allowing reconsideration "prior to the expiration of the period in which the plaintiff could permissibly file suit under the first right-to-sue notice." *Id.* Our predecessor court held that a notice of intent to reconsider issued by the Commission had no effect on the running of the limitations period unless issued before the expiration of that period. *Id.* Two of our sister circuits adopted that reasoning, *see Lute v. Singer Co.*, 678 F.2d 844, 846 (9th Cir. 1982) (holding that the Commission has the authority to rescind a notice to sue only when it "decides to reconsider and notifies all parties of its decision within 90 days after it first issues a Notice of Right to Sue"); *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086–87 (10th Cir. 1980) (same).

A decision of the District of Columbia Circuit, issued after the Commission codified section 1601.19(b) and authored by then-Judge Ruth Bader Ginsburg, also supports our interpretation. *Dougherty v. Barry* involved a group of firemen who filed a charge of racial discrimination. 869 F.2d 605, 606–07 (D.C. Cir. 1989). More than 90 days after the Commission dismissed the charge and provided the firemen notice of their right to sue, the Commission issued a notice of intent to reconsider. *Id.* at 607–08. When the Justice Department later decided not to pursue litigation, it issued the firemen a second notice of their right to sue, and the firemen

8

sued within 90 days. *Id.* at 608. Judge Ginsburg explained that reconsideration of a charge under section 1601.19(b) "reopens the door to a private action only when the reconsideration itself occurs within ninety days of the issuance of a right to sue notice." *Id.* at 610. Because the Commission notified the fireman of its intent to reconsider more than 90 days after the issuance of the first right to sue notice, "the Commission's reconsideration did not revive [the] right to sue." *Id.* And although the regulation "does not advert to the effect of a second right to sue letter," Judge Ginsburg explained that "the regulation contemplates . . . that second notices shall issue *only* when the [Commission] notifies complainants of its intent to reconsider within ninety days of the first notice of right to sue." *Id.* at 610–11. As a result, the second notice of the right to sue failed to start a new limitations period. *Id.* at 611. As in this appeal, the "issuance of a second right to sue letter do[es] not alter the fact that the [Commission] did not notify [the firemen] of its intent to reconsider the[] charges within ninety days of the first notice." *Id.* For that reason, the D.C. Circuit concluded that "[t]he second notice . . . should not work to recover a lost right to sue." *Id.*

Stamper argues that the notice she received was not a notice of intent to reconsider but instead was a "notice of revocation" that explicitly revoked her first notice of the right to sue, but we disagree. Stamper received a notice of intent to reconsider. The notice stated that it was issued "[u]nder the authority vested" by

9

section 1601.19(b), which governs notices of intent to reconsider. And it stated that it "vacate[d]" the earlier dismissal of Stamper's charge and "revoke[d] the letter terminating processing of the charge," which is consistent with the authority granted to the Commission by section 1601.19(b) to "vacate the letter of determination." Stamper also fails to cite any statute or regulation that grants the Commission the authority to issue a "notice of revocation" or otherwise vacate a notice of the right to sue outside of the circumstances provided in section 1601.19(b).

We agree with the district court that the second notice of the right to sue failed to revive Stamper's limitation period. Section 1601.19(b) permits the issuance of a new notice of a right to sue only after the Commission issues a notice of intent to reconsider before the expiration of the original limitations period. Because the Commission issued Stamper a notice of intent to reconsider years after her limitations period expired, the notice failed to revive her right to sue.

### B.  Stamper's Psychiatric Condition Did Not Equitably Toll the Limitations Period.

Stamper argues that even if her complaint is untimely, she is entitled to equitable tolling because her catatonic schizophrenia prevented her from filing suit. The timely-filing requirements of Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act are non-jurisdictional and subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Zillyette v.*

10

*Capital One Fin. Corp.*, 179 F.3d 1337, 1342 (11th Cir. 1999). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Mental incompetence can be an extraordinary circumstance that warrants equitable tolling if a plaintiff "establish[es] a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (emphasis added), *aff'd* 549 U.S. 327 (2007). But Stamper bears the burden of proving that equitable tolling of the limitations period is appropriate. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993).

Stamper has failed to establish a causal connection between her schizophrenia and her delay in filing a complaint. Because Stamper stated that she received the letter "at or about" March 2, 2009, the 90-day limitations period began to run on that date and expired on June 1, 2009. The record belies any assertion that Stamper's medical condition prevented her from filing suit within the limitations period. Stamper testified at her deposition that when she received the notice of her right to sue from the Commission, she called an attorney hotline. She stated that she understood that she had four years to file in state court and 90 days to file in federal court. On April 6, 2009, during the limitations period, she drove

11

herself to an appointment with her psychiatrist, who noted in Stamper's medical record that although Stamper "had a blunted affect and a dysphoric mood," she was "oriented," "happy," "alert," and spoke at a "normal rate." And Stamper collected disability benefits in March 2009 and cashed her disability checks herself until April 2009, when her mother was put in charge of her finances. The record also contradicts Stamper's assertion that her medical condition prevented her from filing suit until January 18, 2013. The last medical record Stamper submitted to the district court, dated August 23, 2010, describes Stamper as "cooperative," speaking at a normal rate, "alert," "oriented" and "present." We cannot infer from this record that Stamper's medical condition prevented her from filing suit. Stamper failed to establish she is entitled to equitable tolling.

## IV. CONCLUSION

We **AFFIRM** the judgment dismissing Stamper's complaint with prejudice.

12