[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10917
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-80819-BB

ANDREW DOUGLAS HOLLIS,

Plaintiff-Appellant,

versus

WESTERN ACADEMY CHARTER, INC.,
PRINCIPAL OF WESTERN ACADEMY CHARTER, INC.,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 8, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Hollis, proceeding pro se, appeals the dismissal with prejudice of his amended and second amended complaints, which alleged various violations of his constitutional rights.  First, as to his amended complaint, he argues that the district court erred (1) in construing his retaliation claims as being brought under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), ("Title VII") and dismissing them for failure to exhaust his administrative remedies and (2) in dismissing his due process defamation claim as untimely.  He asserts that the statute of limitations for his defamation claim accrued when he realized that he had an available legal remedy.

Second, as to his second amended complaint, Hollis argues that the district court erred in dismissing his § 1983 claims for failure to state a claim, should have considered the allegations in his prior complaints, and should have provided him with an opportunity to amend before dismissing the complaint with prejudice.  Specifically, as to the substance of his § 1983 claims, he contends that Defendants violated his right to privacy under the Fourth or Fourteenth Amendments by disseminating the last four digits of his Social Security Number ("SSN") to his coworkers and asserts that the district court improperly applied the "third-party doctrine."  He cites to § 7 of the Privacy Act of 1974 and *State ex rel. Beacon Journal Publ'g Co. v. Akron*, 640 N.E.2d 164 (Ohio 1994), for the proposition that

2

he had a reasonable expectation of privacy in his SSN.  Next, Hollis contends that Defendants violated his rights under the Equal Protection Clause by treating him differently than other employees, and further, applied a discriminatory policy, practice, or custom, by singling out his SSN for dissemination.  He then contends that Defendants violated his due process rights by providing false information at a meeting regarding his pay raise and terminating his employment.  Hollis also argues that Defendants violated his First Amendment rights by disseminating his SSN and providing the false information regarding his pay raise.[1]

## I.

We review *de novo* a dismissal for failure to state a claim upon which relief may be granted, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  A Rule 12(b)(6) dismissal based on the statute of limitations is proper "if it is apparent from the face of the complaint that the claim is time-barred."  *Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (*per curiam*) (quotation marks omitted).  "We review *de novo* the district court's interpretation and application of

---

[1] In their brief, Defendants refer to a previously filed motion to dismiss Hollis's appeal. That motion was filed prior to the dismissal of Hollis's appeal for want of prosecution, and Defendants did not renew their motion upon reinstatement of the appeal.  To the extent that Defendants renew the motion in their brief, the motion to dismiss is DENIED.

the statute of limitations." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 n.2 (11th Cir. 2003) (*per curiam*).

In Florida, the statute of limitations for a defamation action is two years and accrues upon the publication of the defamatory statement. Fla. Stat. § 95.11(4)(g); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 114-15 (Fla. 1993) (*per curiam*). Florida's "delayed discovery" doctrine provides, generally, that "a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000) (*per curiam*). The doctrine is limited by statute to causes of action involving fraud, products liability, professional and medical malpractice, and intentional torts based on abuse, and has only been extended by the Florida Supreme Court in the narrow context of a childhood sexual abuse case. *Davis v. Monahan*, 832 So. 2d 708, 710, 712 (Fla. 2002). The doctrine is inapplicable to actions for defamation. *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.*, 793 So. 2d 1127, 1127-28 (Fla. Dist. Ct. App. 2001) (*per curiam*). Also, a statute of limitations may only be tolled in Florida based on a number of specific statutory grounds, which does not include ignorance of the law or of legal remedies. Fla. Stat. § 95.051; *Hearndon*, 767 So. 2d at 1185.

4

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks omitted).  Further, while pleadings filed by a *pro se* litigant are construed liberally, *pro se* litigants must nonetheless comply with procedural rules.  *Alba v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The district court did not err in dismissing Hollis's defamation claim for being untimely.  The latest date that Hollis's cause of action could have accrued was well more than two years before he filed his initial complaint.  Fla. Stat. § 95.11(4)(g); *Flanagan*, 629 So. 2d at 115.  Moreover, Florida's delayed discovery doctrine is inapplicable, because that doctrine is confined to a limited set of circumstances and defamation is specifically excluded from its reach.  *Monahan*, 832 So. 2d at 710; *Ringhaver Equip., Co.*, 793 So. 2d at 1127-28.  Also, Hollis's unawareness of his legal remedies did not toll the statute of limitations.  *See* Fla. Stat. § 95.051; *Hearndon*, 767 So. 2d at 1185.  Accordingly, we affirm as to this issue.

5

II.

A plaintiff must first exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") before filing a complaint for discrimination under Title VII. *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017). This is a mandatory claims processing rule, not a jurisdictional prerequisite, and a defendant may waive it as a defense if the issue is not timely raised. *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1849, 1851 (2019). The first step in this process is to timely file a charge of discrimination with the EEOC upon receiving unequivocal notice of an adverse employment decision. *Stamper*, 863 F.3d at 1340; *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 849 (11th Cir. 2000).

In general, a plaintiff may bring a lawsuit under 42 U.S.C. § 1983 when he is deprived of a federal right by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). This federal right may be constitutional or statutory in nature. *Collier v. Dickinson*, 477 F.3d 1306, 1310 (11th Cir. 2007). Title VII provides a vehicle for plaintiffs to sue for discriminatory employment practices, on the basis of race and other classifications. 42 U.S.C. § 2000e-5(f)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973). Where the underlying facts are the same, disparate treatment claims under

6

§ 1983 follow the same analytical framework as claims under Title VII. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

The district court did not err in dismissing Hollis's Title VII claims for his failure to exhaust his administrative remedies. While Hollis contends that his retaliation claims were actually brought under § 1983, he explicitly relied upon Title VII in stating those claims. Because Hollis did not allege that he exhausted his administrative remedies with the EEOC and Defendants timely raised the issue in their motion to dismiss Hollis's amended complaint, the district court properly dismissed Hollis's Title VII claims. *See Davis*, 139 S. Ct. at 1849, 1851; *Stamper*, 863 F.3d at 1339. Even if Hollis's retaliation claims were addressed under the framework of § 1983, they would be insufficiently pled to survive a motion to dismiss, as discussed below. *See Carroll*, 529 F.3d at 970. Accordingly, we affirm as to this issue.

## III.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

7

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and alterations omitted).  Thus, while we must accept all of the complaint's allegations as true, we are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  We review the district court's decision of whether to grant leave to amend a pleading for abuse of discretion.  *Walker v. S. Co. Servs., Inc.*, 279 F.3d 1289, 1291 (11th Cir. 2002).

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Complaints that fail to comply with Rules 8 or 10, or both, are sometimes referred to as "shotgun pleadings."  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Federal Rule of Civil Procedure 15 states, generally, that "[a] party may amend its pleading once as a matter of course," but requires "the opposing party's written consent or the court's leave" for subsequent amendments.  Fed. R. Civ. P. 15(a)(1)-(2).  Rule 15 does not discuss the effect of an amended pleading on the original pleading; however, Southern District of Florida Local Rule 15.1 provides that any amendment must "reproduce the entire pleading as amended, and may not

8

incorporate any prior pleading by reference." S.D. Fla. L.R. 15.1. "We give great deference to a district court's interpretation of its local rules and review a district court's application of local rules for an abuse of discretion." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009) (quotation marks omitted). This standard requires a party to show that the district court made a clear error of judgment. *Id.*

"As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). Once the district court accepts the amended pleading, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quotation marks omitted).

Generally, when "a more carefully drafted complaint" might state a claim, the plaintiff must be given a chance to amend before dismissal. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (*per curiam*) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, the district court need not provide such an opportunity where the plaintiff has repeatedly failed to cure deficiencies in his

complaint through previous amendments or where amendment would be futile. *Id.* In *Corsello v. Lincare, Inc.*, for example, we determined that a district court did not abuse its discretion in denying the plaintiff's motion to amend his complaint where the amendment would have produced the fourth complaint in the lawsuit, the district court had previously warned the plaintiff about pleading with particularity, and the same deficiencies that had existed in previous complaints were present in the proposed amended complaint. 428 F.3d 1008, 1014-15 (11th Cir. 2005) (*per curiam*).

In general, the Fourth Amendment protects individuals against unreasonable searches and seizures wherever an individual has a reasonable expectation of privacy. *Terry v. Ohio*, 392 U.S. 1, 9 (1968). "A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Odoni*, 782 F.3d 1226, 1237 (11th Cir. 2015) (quotation marks omitted). An individual has a reasonable expectation of privacy if he has a subjective expectation of privacy that society is prepared to recognize as objectively reasonable. *United States v. Miravalles*, 280 F.3d 1328, 1331 (11th Cir. 2002). Under the "third-party doctrine," an individual lacks a reasonable expectation of privacy in "information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the

10

assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." *United States v. Miller*, 425 U.S. 435, 443 (1976); *Presley v. United States*, 895 F.3d 1284, 1291 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1376 (2019).

While the Constitution does not guarantee the right to privacy, the Supreme Court has recognized certain "zones of privacy" for "fundamental" rights that are "implicit in the concept of ordered liberty." *Paul v. Davis*, 424 U.S. 693, 712-13 (1976) (quotation marks omitted). The Court has determined that "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education" qualify as fundamental rights. *Id.* at 713; *see also Obergefell v. Hodges*, 135 S. Ct. 2584, 2599-600 (2015) (recognizing marriage, childrearing, procreation, and education as fundamental rights). The right to privacy includes avoiding the disclosure of personal information in some, but not all, circumstances. *Whalen v. Roe*, 429 U.S. 589, 599-600, 602 (1977). In *Collier v. Dickinson*, for example, we determined that the plaintiffs did not have a privacy right in personal information that they disclosed to a state agency in order to obtain drivers licenses when the agency later sold that information to mass marketers without the plaintiffs' consent. 477 F.3d 1306, 1307-08 (11th Cir. 2007).

11

"Section 7 of the Privacy Act bars federal, state, or local agencies from denying any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number to the agency." *Schwier v. Cox*, 340 F.3d 1284, 1288 (11th Cir. 2003) (quotation marks and emphasis omitted). In *State ex rel. Beacon Journal Publishing Co. v. Akron*, the Ohio Supreme Court, in addressing the question of whether SSNs are public records under the law of that state, determined that § 7 of the Privacy Act bestowed a legitimate expectation of privacy on city employees in their SSNs. 640 N.E.2d 164, 166-67 (Ohio 1994).

In general, the Equal Protection Clause of the Fourteenth Amendment requires government entities to treat similarly situated individuals the same. *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1313 (11th Cir. 2006). Thus, a plaintiff typically must allege that he was treated differently because of his "race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). However, we have recognized "class of one" equal protection claims, in which a plaintiff alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Leib*, 558 F.3d at 1306 (quotation marks omitted). To prove such a claim, a plaintiff must show that

12

the defendant (1) treated him differently than other similarly situated individuals and (2) unequally applied a facially neutral rule for the purpose of discriminating against him. *Id.* at 1307. "[T]he similarly situated requirement must be rigorously applied in the context of class of one claims." *Id.* (quotation marks omitted).

The Due Process Clause of the Fourteenth Amendment encompasses the right to substantive as well as procedural due process. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994). Substantive due process claims are not available in the employment law context. *Id.* at 1560. The right to procedural due process ensures, in general, that an individual is afforded adequate safeguards before he is deprived of life, liberty, or property. *Id.* at 1561. Thus, an employee must show that he has a property interest in his job in order to state a procedural due process claim. *See Silva v. Bieluch*, 351 F.3d 1045, 1047-48 (11th Cir. 2003). Whether an employee has a property interest in his job is determined by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344 (1976). Under Florida law, an "at will" employee—that is, one whose employment is not subject to a contract, statute, or other set of rules giving rise to an expectation of continued employment—does not have a protected property interest in his employment. *Lee Cty. Port Auth. v. Wright*, 653 So. 2d 1104, 1105 (Fla. Dist. Ct. App. 1995) (*per curiam*); *see also Smith v. Piezo Tech. and Prof'l Adm'rs*, 427 So. 2d 182, 184 (Fla. 1983) ("[W]here

13

the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract.") (quotation marks omitted) (alteration in original).

The First Amendment prohibits public employers from demoting or discharging an employee in retaliation for the employee's protected speech. *Morgan v. Ford*, 6 F.3d 750, 753-54 (11th Cir. 1993) (*per curiam*).  In order to determine whether an employee has suffered such retaliation, we apply a four-part test which asks (1) whether the employee's speech was on a matter of "public concern," (2) if so, whether the employee's First Amendment interests outweighed the state's interests as an employer, (3) whether the employee's speech played a "substantial part" in the state's decision to demote or terminate the employee, and (4) whether the state would have reached the same decision in the absence of the protected speech. *Id.* at 754 (quotation marks omitted).  Whether the employee's speech is a matter of public concern is a question of law that is answered by analyzing the "content, form, and context of a given statement, as revealed by the whole record." *Id.* (quotation marks omitted).  Courts consider, among other factors, whether the employee spoke on behalf of the public as a citizen or for himself as an employee, and whether the employee attempted to make his concerns

14

public.  *Id.*  Speech involves a matter of public concern when it relates to a "matter of political, social, or other concern to the community" but not when it involves only a matter of personal interest to the employee.  *Id.* at 754-55 (determining that an employee's formal complaints of sexual harassment in the workplace did not implicate a matter of public concern where the employee did not attempt to involve the public and the speech was motivated by the employee's desire to improve the conditions of her employment).

The district court did not err in dismissing Hollis's complaint with prejudice.  As an initial matter, the district court properly confined its discussion to Hollis's second amended complaint in its final order of dismissal.  After the district court accepted the second amended complaint, that complaint's allegations superseded those of the initial and amended complaints.  *Pintando*, 501 F.3d at 1243.  Although Hollis referred to his prior complaints in the second amended complaint, doing so violated Local Rule 15.1's prohibition against incorporation by reference.  *Alba*, 490 F.3d at 829; S.D. Fla. L.R. 15.1.  Thus, the district court properly limited the scope of its analysis to Hollis's second amended complaint and gave it the liberal construction due to *pro se* pleadings.  *See Mann*, 588 F.3d at 1302; *Tannenbaum*, 148 F.3d at 1263.

15

The district court did not err in dismissing Hollis's right to privacy claims. Because Hollis voluntarily provided Defendants with the last four digits of his SSN, he abandoned a reasonable expectation of privacy in those digits. *Miller*, 425 U.S. at 443. Also, Hollis did not show that he had a fundamental right to privacy in his the last four digits of his SSN. *See Paul*, 424 U.S. at 713; *Collier*, 477 F.3d at 1307-08. Finally, his Federal Privacy Act claim fails because the Act prohibits the denial of any right, benefit, or privilege provided by law as a result of an individual's refusal to disclose his social security account number to the agency. Hollis, however, has not alleged the denial of any such right, benefit or privilege based on his refusal to disclose his social security number.

The district court did not err in dismissing Hollis's equal protection claim. His claim fails under the "class of one" framework because he did not allege that Defendants treated similarly situated individuals differently or that they acted with a discriminatory purpose. *See Leib*, 558 F.3d at 1307. In any event, Hollis's equal protection claim consists of unsupported legal conclusions, which are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678; *Allain*, 478 U.S. at 286.

The district court did not err in dismissing Hollis's due process claim. Hollis cannot state a claim for a substantive due process violation because such claims are not available in the employment law context. *Pate*, 20 F.3d at 1560. As

16

for procedural due process, Hollis was required to show that he had a protected property interest in his continued employment. *Silva*, 351 F.3d at 1047-48. His allegations did not show that he was anything other than an at will employee, so the district court properly dismissed his procedural due process claim. *See Wright*, 653 So. 2d at 1105.

The district court did not err in dismissing Hollis's First Amendment claim. Hollis's speech regarding the dissemination of his SSN and his pay raise were not matters of public concern because they did not implicate social, political, or other issues of importance to the community, but rather related to matters of his own personal interest. *See Ford*, 6 F.3d at 754. Also, Hollis did not voice his concerns outside of his workplace. *Id.*

The district court did not abuse its discretion in denying Hollis an opportunity to amend his complaint prior to dismissing it with prejudice because doing so would have been futile in light of Hollis's three prior complaints. *See Dupree*, 252 F.3d at 1163. Also, the district court previously cautioned Hollis that, while he was afforded a degree of leniency as a *pro se* litigant, he nevertheless was required to submit a complaint that complied with the standards of Fed. R. Civ. P. 8. *See Corsello* 428 F.3d at 1014-15. Accordingly, we affirm as to this issue.

**AFFIRMED.**

17