[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15052
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00335-ECM-GMB

JAMES D. CORNETT,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF TRANSPORTATION,
ALABAMA STATE PERSONNEL DEPARTMENT,
DEPARTMENT OF CORRECTIONS,
KILBY CORRECTIONAL FACILITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 23, 2020)

Before ROSENBAUM, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

James D. Cornett, proceeding pro se, appeals the district court's order granting defendants' motion to dismiss his amended complaint. Cornett alleged he was terminated from his employment with the Alabama Department of Corrections in 1983 in violation of Title VII of the Civil Rights Act and the Fourteenth Amendment. The court dismissed Cornett's amended complaint for failure to exhaust administrative remedies and timely file suit and for failure to follow a court order requiring him to comply with federal pleading standards. On appeal, Cornett argues, among other things, that he pursued the case based on a notice regarding a class action he received. After review,[1] we affirm.

The district court did not err in dismissing Cornett's complaint for failure to exhaust administrative remedies and timely file suit. Cornett failed to comply with the procedural requirements for filing suit under Title VII, which require a charge of discrimination to be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged unlawful employment practice and provide

---

[1] We review a district court's ruling on a motion to dismiss for failure to state a claim de novo, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We also review de novo the district court's interpretation and application of the statute of limitations. *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). A "dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that a claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks omitted).

a civil action must be filed within 90 days of receiving notice of right to sue from the EEOC.  *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1214 n.2, 1220 (11th Cir. 2001) (noting Alabama is a non-deferral state where 180-day deadline applies); *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991) ("Title VII . . . requires that suit be brought within 90 days after receipt of notice of right to sue.").  Cornett alleged he was terminated from his position as a correctional officer at Kilby Correctional Facility in 1983 based on his race.  He further asserted he filed a discrimination charge with the EEOC in 1983 and must have received a right-to-sue letter at that time.  Even if a notice of right to sue was received in 1983, however, Cornett's suit was untimely, as it was filed long after the 90-day deadline for bringing a civil action had expired.  *See* 42 U.S.C. § 2000e-5(f)(1).

While Cornett's original complaint showed he filed an EEOC charge in 2016 based on the same incident, that charge was not timely filed within 180 days of his termination, as Title VII requires.  *See id.* § 2000e-5(e)(1).  Further, there is no indication Cornett received a right-to-sue letter in connection with the 2016 charge. Finally, to the extent Cornett raised a Fourteenth Amendment claim, the district court did not err in concluding it was barred by the statute of limitations.  *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (providing claims for

constitutional violations under 42 U.S.C. § 1983 in Alabama must be brought within two years of the challenged conduct).

Cornett argues he pursued the case because he received a notice informing him a class had been decertified in a race discrimination suit against the Alabama Department of Transportation (ADOT). We liberally construe this argument as challenging the district court's rejection of any claim that the limitations period for filing an EEOC charge or civil action suit should be equitably tolled. *See Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) ("The timely-filing requirements of Title VII . . . are non-jurisdictional and subject to equitable tolling."); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) (holding the commencement of a class action "suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action"). The class action Cornett refers to provides no basis for equitable tolling, as it was filed against ADOT—an agency Cornett never alleged he worked for or applied to—and involved different discrimination claims. The district court therefore did not err in concluding equitable tolling was not warranted. *See Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 467 (1975) (explaining tolling effect of class action in *American Pipe* depended on class and individual filings involving "exactly the same cause of action").

4

Because the district did not err in dismissing Cornett's amended complaint for failure to exhaust administrative remedies or timely file suit, we do not review its alternative ground for dismissal based on Cornett's failure to comply with federal pleading standards.  Accordingly, the decision of the district court is affirmed.

**AFFIRMED.**