[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10374
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-02097-VMC-AAS

TONYA E. RHODES,

Plaintiff-Appellant,

versus

DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 7, 2020)

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Tonya Rhodes appeals the district court's dismissal of her Rehabilitation Act and Americans with Disabilities Act claims against the Department of Veterans Affairs. She argues that the district court erred in concluding that her complaint was time barred. We affirm.

Rhodes made the following allegations in her complaint. Rhodes was a disabled veteran and a former employee of the department. Her disability was "idiopathic motor and sensory neuropathy with poor circulation in her lower extremities." While working at the department between May 2008 and August 2011, she was not allowed to use a space heater as an accommodation for her disability. Rhodes filed an administrative complaint within the department, claiming discrimination based on her disability and denial of a "reasonable accommodation." According to Rhodes, the department found that she had been denied a reasonable accommodation in that time period, but she did not allege what, if any, remedies she was awarded by the department.

Despite the win on her administrative complaint, Rhodes alleged that she filed an appeal with the Equal Employment Opportunity Commission, claiming that the department discriminated against her because of her disability. In May 2015, the commission affirmed the department's finding that she had been denied a reasonable accommodation and ordered the department to determine her compensatory damages. The department, after reviewing the case, determined that Rhodes was

2

entitled to $30,994.90 in compensatory damages. Rhodes again appealed the department's determination to the commission—this time, she appealed the compensatory damages award—because "it grossly underestimated the amount of damages actually suffered." In June 2018, the commission affirmed the department's determination. Rhodes moved for reconsideration, which the commission denied on December 20, 2018. December 20, 2018 was the date of the commission's final decision.

On February 22, 2019, Rhodes sued the department in the Middle District of Florida claiming that, in violation of the Rehabilitation Act and the Americans with Disabilities Act, she was discriminated against because she was not allowed a space heater as an accommodation for her disability. The district court dismissed the February 22, 2019 lawsuit without prejudice because Rhodes did not properly serve the defendant even after the court twice explained to her how to do it.

Two days after that dismissal, on August 22, 2019, Rhodes filed a new but "nearly identical" complaint. The department moved to dismiss the new complaint, arguing that it was time barred because more than ninety days had passed since the commission's December 20, 2018 final decision. See Stamper v. Duval Cnty. Sch. Bd., 863 F.3d 1336, 1340 (11th Cir. 2017) ("When the employee receives a notice of dismissal from the [c]ommission, she has [ninety] days to file a civil action against the employer."). The department also argued that equitable tolling was not

3

appropriate because Rhodes "failed to act with due diligence." Rhodes conceded that her new complaint was filed after the required ninety-day period, but she responded that the ninety-day period should be equitably tolled because she had timely filed the initial February 22, 2019 lawsuit and, in the August 22, 2019 lawsuit, she corrected the earlier service problems.

The district court agreed with the department and dismissed the new complaint with prejudice. The complaint, the district court said, was filed more than ninety days after she received notice of her right to sue from the commission. And, the district court continued, equitable tolling did not apply because "the plaintiff's failure to file was caused by plaintiff's own negligence."

Rhodes appeals the district court's dismissal order. She argues for the first time in her initial brief that the statute of limitations has not expired. Rhodes's new argument is that, because the Rehabilitation Act has no statute of limitations, the four-year statute of limitations for Florida personal injury lawsuits should be applied and it "should not [have] beg[u]n to run until after [she] obtain[ed] her affirmative right to bring an action" from the commission.[1]

We ordinarily review the district court's dismissal of a time barred complaint de novo. Berman v. Blount Parrish & Co., 525 F.3d 1057, 1058 (11th Cir. 2008).

---

[1] Rhodes does not mention the Americans with Disabilities Act in her new statute of limitations argument.

However, we do not consider issues that are "not raised in the district court and [are] raised for the first time in an appeal." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (citation omitted).

Because Rhodes did not raise this new statute of limitations argument in the district court, we will not consider it for the first time on appeal. Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994) ("[W]e have repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotation marks and citation omitted)). Addressing an issue that the district court never had a chance to examine would waste resources and "deviate from the essential nature, purpose, and competence of an appellate court." Access Now, 385 F.3d at 1331.

In any event, even if we did consider Rhodes's new argument made for the first time on appeal, we would affirm the district court's dismissal. Even if the Rehabilitation Act had a four-year statute of limitations, as Rhodes now argues, the four years would have lapsed before this complaint was filed on August 22, 2019. The alleged discrimination against Rhodes ended in August 2011, when Rhodes was granted use of a space heater, so the statute of limitations would have expired in 2015. Rhodes did not file her complaint until eight years later, in 2019. See Everett v. Cobb Cnty. Sch. Dist., 138 F.3d 1407, 1410 (11th Cir. 1998) (affirming that the plaintiff's disability discrimination claim under the Rehabilitation Act and

Americans with Disabilities Act was time barred because the statute of limitations began to run when the facts of the discrimination become apparent).

**AFFIRMED.**