[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 21-10519
Non-Argument Calendar

————————————————

D.C. Docket No. 2:20-cv-14316-DMM

GREGORY MAKOZY,

Plaintiff-Appellant,

versus

WESTCOR LAND TITLE,
ARMOUR SETTLEMENT SERVICES,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(July 9, 2021)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Makozy, proceeding *pro se*, appeals the district court's dismissal with prejudice of his second amended civil complaint alleging claims under the Real Estate Settlement Procedures Act ("RESPA") and negligence as time-barred. On appeal, he argues that he is entitled to equitable tolling because his failure to file within the statute of limitations was due to excusable neglect.

We review the application of a statute of limitations *de novo. Berman v. Blount Parrish & Co., Inc.*, 525 F.3d 1057, 1058 (11th Cir. 2008). Dismissal on statute-of-limitations grounds is appropriate where "it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks omitted).

The statute of limitations for a negligence claim is four years under Florida law and two years under Pennsylvania law. Fla. Stat. § 95.11(3)(a); 42 Pa. Cons. Stat. § 5524(7). The statute of limitations for claims under RESPA is: (1) three years for an alleged servicing violation; and (2) one year for claims related to kickbacks and unearned fees and seller liability for requiring title insurance to be purchased from a particular title company. 12 U.S.C. § 2614.

Equitable tolling is appropriate when a litigant untimely files due to extraordinary circumstances that are beyond his control and unavoidable even with due diligence. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir.

2

2017).  However, it is an "extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).

Generally, arguments not raised before the district court are deemed waived. *McGroarty v. Swearingen*, 977 F.3d 1302, 1306 (11th Cir. 2020).  We have stated that, "as an appellate court with no fact finding mechanism," we are hesitant to consider "fact-bound issues" that the district court never had a chance to examine. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Here, the district court properly dismissed Makozy's second amended complaint as time-barred.  Makozy's allegations of Armour's and Westcor's alleged negligence and violations of RESPA were centered on two refinance transactions, which he alleged took place in September 2015 and August 2016.  But he filed his initial complaint in September 2020, which was more than four years after the second refinance transaction and beyond all of the applicable statutes of limitations.  *See* 12 U.S.C. § 2614 (one year or three years); Fla. Stat. § 95.11(3)(a) (four years); 42 Pa. Cons. Stat. § 5524(7) (two years).  Therefore, based on the dates on the face of the second amended complaint, the district court did not err by concluding that Makozy filed this action beyond the applicable statutes of limitation.  *La Grasta*, 358 F.3d at 845.

As to Makozy's argument that equitable tolling was warranted because he was incarcerated for a 30-month period ending in January 2019, he waived any

3

such argument by failing to properly raise it before the district court. *McGroarty*, 977 F.3d at 1306. Although Makozy stated in responsive pleadings that he would prove the doctrine of excusable neglect, he did not present to the court any facts or circumstances to establish that equitable tolling was warranted, whether due to his incarceration or otherwise, and admits on appeal that the district court "did not have all the facts" as to his reason for equitable tolling. And, while the district court noted Makozy's attempted equitable-tolling contention in its order, it made no finding as to whether he was entitled to equitable tolling because he had "fail[ed] to set forth any circumstances" establishing that the remedy was warranted. Because Makozy never argued before the district court any facts as to why he was entitled to excusable neglect, the district court never had a chance to examine whether equitable tolling was warranted, and therefore he has waived that argument on appeal. *Access Now*, 385 F.3d at 1331; *McGroarty*, 977 F.3d at 1306.

   **AFFIRMED.**[1]

---

[1] Appellant's motion for summary reversal is DENIED.