[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14032

Non-Argument Calendar

_____

LARRY D. PINSON,
LENNELLE O. PINSON,
LARRY PINSON, JR.,
LAWRENCE PINSON,
LAMAR PINSON,
LANCE PINSON,
LAWRSON PINSON,
LAWRON PINSON,

                                        Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:21-cv-00089-TCB

———————————

Before LAGOA, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Larry D. Pinson, his wife, and his six sons, proceeding *pro se*, appeal the district court's dismissal of their 15 claims under the Federal Torts Claim Act ("FTCA"). On appeal, the Pinsons argue that the district court erred by finding that (1) the Veterans' Judicial Review Act ("VJRA") divested the district court of subject matter jurisdiction over their claims for veterans' benefits, (2) they did not exhaust their administrative remedies as to any FTCA claims, (3) the intentional tort exception to the FTCA's waiver of sovereign immunity applied, and (4) their FTCA claims were time-barred. After review, we affirm the district court's dismissal of the Pinsons' claims.

## I.     BACKGROUND

### A.     Facts

We recount the factual allegations primarily from the Pinsons' complaint.  In addition, we consider various documentary exhibits attached to the government's motion to dismiss.  A court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the document is (1) central to the plaintiff's claim and (2) undisputed— i.e., its authenticity is not challenged.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  Because the documents are central to the Pinsons' claims and not in dispute, we, as the district court did, consider them.

Pinson, an uninsured, fully disabled veteran, contacted the Department of Veterans Affairs ("VA") several times to request three surgeries: rotator cuff surgery, hip surgery, and surgery to remove a tumor in his spinal column.  The VA neglected to respond. Because his health was deteriorating quickly, Pinson obtained the three surgeries at other medical facilities in 2007, 2008, and 2009.

In 2014, Pinson sought reimbursement by mailing over 700 pages of medical records to two VA facilities.  His records were not returned.  Pinson sent multiple letters and spoke to various personnel at the VA, inquiring about the location of his records. Pinson never received an answer about the whereabouts of his

records.    Between 2014 and 2018, Pinson continued to seek reimbursement from the VA, but to no avail.

On April 25, 2018, the VA informed Pinson that he must file a Standard Form 95 ("SF-95") because his letter had alleged that the VA negligently destroyed faxed documents relating to his reimbursement requests.

In December 2018, Pinson submitted an SF-95.    He complained about the VA's failure to administer medical care and denial of reimbursement for his treatment at the other medical facilities.  He listed the date of injury as 2004 to 2015 and requested $500,000 for medical reimbursement.    Pinson was the only claimant and person to sign the form.

On August 27, 2019, the VA sent Pinson a letter denying his claim because (1) "[a]ccording to the description outlined in [Pinson's] claims," his requested reimbursement for non-VA care involved the administration of VA benefits, rather than a state-law tort claim; and (2) his claim was time-barred under 28 U.S.C. § 2401(b) because it was filed over two years after the claim accrued.  The VA construed Pinson's claim as a denial of benefits and reimbursement.    The VA's denial letter stated that Pinson "fail[ed] to allege a claim cognizable under the FTCA and therefore, there [was] no jurisdiction to consider [his] claim under the FTCA."  The VA explained that the exclusive avenue for Pinson to pursue his claim was through the U.S. Court of Appeals for Veterans Claims and then the U.S. Court of Appeals for the Federal Circuit.

In February 2020, Pinson asked for reconsideration. On December 1, 2020, the VA restated the two grounds for denying his claims and added that "[f]urther action on this matter may be instituted in accordance with the FTCA."

## B.    Procedural History

On June 1, 2021, the Pinsons, proceeding *pro se*, sued the government alleging these 15 counts: (1) "Intentional Infliction of Emotional Distress"[1]; (2) "Intentional Denial and Rejection of Veteran Claim"; (3) "Privacy Violations"; (4) "Los[s] of Medical Records"; (5) "Allege No Records"; (6) "Office of Community Care Denver Co."; (7) "Medical Records should have been coded into system"; (8) "Medical Records Negligently destroyed"; (9) "Muskogee Business Office (VA)"; (10) "File Record in Cabinet, Storm Damage Roof Record Disappeared"; (11) "Veteran requested date of storm. According to [the] VA in Washington D.C. the allege[d] storm occurred on July 14, 2016"; (12) "Destruction of Records & Privacy Violation (Jackson M[S])"; (13) "VISN-16 Privacy Specialist Confirms Privacy Violation"; (14) "VHA Never Received Veteran Records"; and (15) "Court Decision 2016 VA Has Short Change [sic] Veteran Since 2009."

The government moved to dismiss. The government argued that the district court should dismiss the Pinsons' complaint

---

[1] The basis of the intentional infliction of emotional distress claim is that the VA's "negligen[t] actions cause[d] [Pinson] and [his] family members unnecessary and undue emotional distress."

6                    Opinion of the Court                    21-14032

for four reasons: (1) lack of subject matter jurisdiction under the VJRA, (2) lack of subject matter jurisdiction because the Pinsons failed to exhaust their administrative remedies, (3) lack of subject matter jurisdiction pursuant to the FTCA's intentional tort exception, and (4) the Pinsons' claims were time-barred.  On October 15, 2021, the district court granted the government's motion to dismiss on those four grounds.

## II.     STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint for lack of subject matter jurisdiction.  *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013).

## III.     DISCUSSION

On appeal, the Pinsons argue that the district court erred in dismissing their claims because (1) the VJRA does not divest the district court of subject matter jurisdiction, (2) they did not fail to exhaust their administrative remedies as to the FTCA claims, (3) the FTCA's intentional tort exception does not apply, and (4) their FTCA claims are not time-barred.  We discuss each ground in turn.

## A.     VJRA

In 1988, Congress enacted the VJRA, Pub. L. No. 100–687, 102 Stat. 4105 (1988), which sets forth the framework for the adjudication of claims for veterans' benefits.  The process begins when a claimant files for benefits with a regional office of the Department of Veterans Affairs.  Decisions from the Department

of Veterans Affairs may be appealed to the Board of Veterans' Appeals ("Board"), whose ruling becomes the final decision of the Secretary. 38 U.S.C. § 7104(a). Decisions of the Board may then be reviewed exclusively by the U.S. Court of Appeals for Veterans Claims, an Article I court established by the VJRA. *Id.* §§ 7251, 7252(a), 7266(a).

In turn, decisions of the Court of Appeals for Veterans Claims are appealable only to the U.S. Court of Appeals for the Federal Circuit. *Id.* § 7292(a), (c). The Federal Circuit's judgment is then subject to *certiorari* review by the Supreme Court. *Id.* § 7292(c). In short, Congress gave the aforementioned courts exclusive jurisdiction over claims affecting veterans' benefits. *See Hall v. U.S. Dep't of Veterans' Affs.*, 85 F.3d 532, 534 (11th Cir. 1996) ("[J]udicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals[,] and the Supreme Court.").

Specifically, the VJRA provides that the VA Secretary's decision as to any "questions of law and fact necessary to a decision by the Secretary under a law that affects the *provision of benefits* . . . shall be final and conclusive and *may not be reviewed by any other official or by any court*." 38 U.S.C. § 511(a) (emphases added). The term "benefit" means "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of

Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). This Court has explained that the VJRA precludes judicial review of not only any substantive benefits decision by the Secretary, but also any decision made by the Secretary "in the course of" making a benefits determination. *Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021).

The district court held the VJRA precluded it from reviewing the Pinsons' claims. The district court explained that "[e]ach count is based on benefits and reimbursement to which Pinson contends he is entitled" and "[t]he crux of [the Pinsons'] claims is to recover benefits that were wrongfully denied, and damages arising therefrom." Therefore, the Pinsons needed to appeal to the Board, which had exclusive jurisdiction over these types of claims.

The district court did not err in finding it lacked subject matter jurisdiction under the VJRA. Each count in the complaint is based on benefits and reimbursement to which Pinson contends he was entitled. Even though the Pinsons allege tort claims, such as intentional infliction of emotional distress and privacy violations, these claims arise from the VA denying Pinson's benefits. Accordingly, the Pinsons' claims can be reviewed only by the federal courts that possess exclusive jurisdiction over claims affecting veterans' benefits.

## B.    Exhaustion of Administrative Remedies

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). A plaintiff has exhausted his administrative remedies when he has "first presented the claim to the appropriate Federal agency and his claim [has] been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

"[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . . ." 28 C.F.R. § 14.2(a). The FTCA requires that *each* claim and *each* claimant meet this prerequisite. *See Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

The district court held that the Pinsons failed to exhaust their administrative remedies because only Pinson submitted an SF-95 to the VA, the SF-95 did not name his family members as claimants, and Pinson failed to appeal the denial of his administrative claim to the Board.

The district court did not err in finding that the Pinsons failed to exhaust their administrative remedies under the FTCA. Pinson's SF-95 relates *only* to the denial of medical care and benefits, which is "a classic veteran's benefits claim . . . over which the district court clearly lacked subject matter jurisdiction under the VJRA." *Smith*, 7 F.4th at 978–79. Consequently, each of

Pinson's claims either is subject to the VJRA or was not administratively exhausted by filing a SF-95 under the FTCA. In other words, each of Pinson's claims either (1) is intertwined with the VA's alleged denial of medical care and benefits to Pinson (in which case it is subject to the VJRA and subject matter jurisdiction is lacking for that reason) or (2) was not administratively exhausted because his SF-95 only covers denial of medical care and benefits.

Further, Pinson's wife and six sons failed to present *any* administrative claim to the VA because they did not submit an SF-95 or "other written notification of an incident," and Pinson did not include them as claimants on his SF-95. 28 C.F.R. § 14.2(a). Because Pinson's wife and six sons failed to "individually satisfy the jurisdictional prerequisite of filing a proper claim," *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) (quotation marks omitted), the district court properly found it lacked subject matter jurisdiction over their claims.

## C.    Statute of Limitations

A claimant must present his or her claim to the appropriate agency within two years of the date on which the action accrues, or it is "forever barred." 28 U.S.C. § 2401(b). A cause of action accrues, and the statute of limitations clock begins to run, when "the facts which would support a cause of action are apparent or should be apparent" to a reasonably prudent person. *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996) (quotation marks omitted). "This rule requires a court first to identify the alleged

injuries, and then to determine when plaintiffs could have sued for them." *Id.* at 562.

The district court held that the Pinsons' claims were time-barred. The court explained that Pinson submitted his SF-95 in December 2018, and he listed the date of his injuries as 2004 to 2015. Based on those dates, the district court said 2015 was the latest his claims could have accrued, and therefore, the latest Pinson could have filed his SF-95 was 2017.

The district court did not err in finding that the Pinsons' claims were time-barred under the FTCA's two-year statute of limitations. In his SF-95, Pinson listed the date of his injuries as 2004 to 2015. Even if we assume *arguendo* Pinson had some brand-new injuries in 2015, the statute of limitations began running no later than 2015. Pinson thus exceeded the two-year statute of limitations when he filed his SF-95 in December 2018.[2]

---

[2] In their brief, the Pinsons suggest equitable tolling may be appropriate here. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [his] control and unavoidable even with diligence." *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (quotation marks omitted). The Pinsons bear the burden of demonstrating equitable tolling of the limitations period is appropriate. *Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022). The Pinsons' brief has simply included only law related to equitable tolling but with no factual explanation of circumstances beyond their control or unavoidable with due diligence.

**D.      FTCA's Intentional Tort Exception**

As noted above, the Pinsons also appeal the district court's finding that the FTCA's intentional tort exception does not apply to their claims.  Because we affirm the dismissal of the Pinsons' FTCA claims based on failure-to-exhaust and statute-of-limitations grounds, we need not reach this issue.

## IV.    CONCLUSION

For those reasons, we affirm the district court's dismissal of the Pinsons' claims.

**AFFIRMED.**