[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13745
_____

D.C. Docket No. 1:15-cv-22732-MGC

SEAN FREIXA,
on behalf of himself and others similarly situated,

Plaintiff-Appellant,

versus

PRESTIGE CRUISE SERVICES, LLC,
a Delaware Limited Liability Company,
PRESTIGE CRUISE HOLDINGS, INC.,
a Foreign Corporation, *et al.*

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 13, 2017)

Before WILLIAM PRYOR and MARTIN, Circuit Judges, and DUFFEY,[*] District
Judge.

_____

[*] Honorable William S. Duffey, Jr., United States District Judge for the Northern District of
Georgia, sitting by designation.

WILLIAM PRYOR, Circuit Judge:

This appeal requires us to decide whether, in calculating an employee's hourly rate of pay to determine if he is exempt from federal overtime laws, a district court may allocate the employee's commissions to hours worked outside the periods in which the commissions were earned. Sean Freixa sued a former employer, Prestige Cruise Services, LLC, for overtime pay. Federal law required the district court to calculate Freixa's hourly rate of pay on a week-to-week basis to determine whether Freixa was exempt from federal overtime laws. 29 U.S.C. § 207(i). Because part of Freixa's remuneration included commission payments that were computed and earned monthly, the district court concluded that it was "not possible or practicable" to determine exactly how much Freixa earned in commissions in each individual week, 29 C.F.R. § 778.120. It instead divided Freixa's entire remuneration for the year he worked across every hour in every week he worked that year. That calculation produced an average hourly rate above the exemption threshold, so the district court awarded summary judgment in favor of the cruise service. But federal law bars allocating a commission payment across weeks that fall outside the period in which the payment was earned. *Id.* We reverse and remand.

2

## I. BACKGROUND

From December 7, 2013, to December 19, 2014, Sean Freixa sold cruises for Prestige Cruise Services, LLC. Freixa received a fixed salary of $500 per week plus commissions. He earned over $70,000 in total compensation during his employment, sixty-three percent of which he received in commissions.

The cruise service calculated commissions monthly and disbursed payments of the commissions the following month. To calculate the commissions due for each month, the cruise service assessed the sum of all bookings an employee completed in the month and subtracted bookings the employee completed in previous months that were cancelled in the current month. The cruise service then multiplied the gross number of bookings by a percentage that changed progressively. An employee with three or fewer gross bookings received no commissions, but an employee with four, five, or six received a commission of 1.25 percent on each booking. For example, Freixa earned almost $9,000 in commissions on March 28, 2014, for work performed between February 1 and February 28, 2014. But he received no commission payments for work performed in July and November.

Freixa sued the cruise service for overtime pay and alleged that his compensation in certain weeks fell below $10.88 per hour, the minimum amount an employee must receive to be exempt from federal overtime requirements,

3

§§ 206(a)(1)(C), 207(i). Both parties moved for summary judgment. The parties agreed that Freixa worked an average of sixty hours per week during his employment, but they disagreed about the number of hours he worked in any individual week.

The district court acknowledged that the law generally requires calculating the regular rate of pay on a week-to-week basis but found it difficult to determine the exact weeks during which Freixa earned commissions. So the district court invoked a federal regulation that permits use of a different "reasonable and equitable method" of calculation "[i]f it is not possible or practicable to allocate the commission among the workweeks of the period in proportion to the amount of commission actually earned or reasonably presumed to be earned each week." 29 C.F.R. § 778.120. The district court then divided Freixa's entire remuneration for the year across every hour in every week he worked—assuming sixty hours per week—and arrived at an average hourly rate of $23.45. Because that rate exceeded the exemption threshold of $10.88 per hour, the district court awarded summary judgment in favor of the cruise service.

## II. STANDARDS OF REVIEW

"This Court reviews *de novo* summary judgment rulings and draws all inferences and reviews all evidence in the light most favorable to the non-moving party." *Craig v. Floyd Cty.*, 643 F.3d 1306, 1309 (11th Cir. 2011) (quoting *Moton*

4

*v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2001)). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). We review the interpretation of a statute or regulation *de novo*. *United States v. Hoffman-Vaile*, 568 F.3d 1335, 1340 (11th Cir. 2009) (statute); *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 733 (11th Cir. 2014) (regulation).

### III. DISCUSSION

The Fair Labor Standards Act requires employers to pay overtime compensation to employees who work more than forty hours in a single week. 29 U.S.C. § 207(a)(1). The Act relieves an employer of this requirement for any employee of a retail or service establishment "if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him . . . , and (2) more than half of his compensation for a representative period (not less than one month) represents commissions on goods and services." § 207(i). The "regular rate of pay" includes commissions, not only salary. § 207(e); 29 C.F.R. § 778.117.

The parties dispute whether the district court used an acceptable method to calculate Freixa's regular rate of pay. We conclude that it did not. The district

court invoked, but misapplied, a regulatory exception to the general rule about calculating overtime pay.

A district court ordinarily may not allocate compensation or hours across multiple weeks. For example, a district court may not hold that an employee who worked thirty hours in one week and fifty in another is exempt from overtime laws because he averaged forty hours per week. 29 C.F.R. § 778.104. Instead, it must calculate both compensation and hours for each individual week because "[t]he Act takes a single workweek as its standard." *See id.*; *see also* § 779.419(b) (establishing that courts should look to chapter 29, part 778 to "comput[e] the regular rate for purposes of the Act"). That is, the Act contemplates the employment of a person "for *a* workweek." 29 U.S.C. § 207(i) (emphasis added). And we have held that "[t]he regular rate [of pay] is determined by dividing the . . . total compensation *during the workweek* by the number of hours worked." *Klinedinst v. Swift Invs., Inc*, 260 F.3d 1251, 1256 (11th Cir. 2001) (emphasis added) (citing C.F.R. § 779.419(b) ("[The regular rate of pay] is a rate per hour, computed for the particular workweek . . . .")).

The district court invoked a regulatory exception to the general rule for calculating overtime pay because Freixa earned commissions monthly instead of weekly. That regulatory exception permits a district court to allocate commission payments across multiple weeks: "If it is not possible or practicable to allocate the

6

commission among the workweeks of the period in proportion to the amount of commission actually earned or reasonably presumed to be earned each week," a district court must adopt "some other reasonable and equitable method" to calculate the hourly rate. § 778.120. The cruise service argues that the district court correctly calculated Freixa's regular rate of pay under this exception because of the difficulty of allocating monthly commissions over individual weeks, but that difficulty does not mean that the district court could allocate Freixa's commissions earned in one computation period to another computation period.

Although the computation structure for Freixa's commissions makes it impracticable or impossible to determine any particular week in which he earned commissions, the district court misapplied the regulatory exception for allocating commissions. When commissions are computed monthly, a district court may not allocate commissions earned in one month across weeks worked in other months. Federal regulations instead limit a district court to allocating commissions across weeks within the time period in which the commissions were earned. One regulation provides that "it is necessary, as a general rule, that the commission be apportioned back over the workweeks of the *period* during which it was earned." § 778.119 (emphasis added). And section 778.120 provides that a district court that is unable to allocate commissions to workweeks "in proportion to the amount of commission actually earned or reasonably presumed to be earned each week" must

7

adopt "some other reasonable and equitable method" to "allocate the commission among the workweeks of the *period*." *Id.* (emphasis added).

Although these regulations use the term "period," the context makes clear that "period" means "computation period," which, for Freixa, refers to each month of his employment, not the whole year he worked. Section 778.120 uses the phrase "computation period" eight times, *id.*, and uses the term interchangeably with "period," so we construe the terms to carry the same meaning. *See* Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012) ("A word or phrase is presumed to bear the same meaning throughout a text . . . ."). Section 778.120 limits the district court to allocating monthly commissions only among the "workweeks of the [computation] period"—that is, each particular month.

The two examples of "reasonable and equitable method[s]" listed in the regulation further illustrate that a commission payment can be allocated only across the weeks that comprise the computation period for that particular payment. Section 778.120 provides that a district court may "[a]ssume that the employee earned an equal amount of commission in each week of the commission computation period." § 778.120(a). A district court may also "assume that the employee earned an equal amount of commission in each hour that he worked during the commission computation period" if some facts "make it inappropriate to

8

assume equal commission earnings for each workweek." § 778.120(b). But the regulation nowhere suggests that a district court may allocate commissions across hours worked in weeks outside the relevant computation period.

The district court erred when it allocated commissions earned in one month across weeks worked in other months. Each commission payment that Freixa received reflected "commissions that were earned" within a single month. Under section 778.120, the district court could allocate commissions earned in January, for example, across weeks worked in January, but not across weeks worked from February through December.

Because the district court may allocate commissions across only the weeks in the period (in this case, the month) in which the commissions were earned, this case presents a genuine dispute about a material fact. The parties agreed that Freixa *averaged* sixty hours per week over the course of his employment but disagreed about the number of hours Freixa worked in any individual week or computation period, so the record permits no summary judgment.

## IV. CONCLUSION

We **REVERSE** the judgment in favor of Prestige Cruise Services, LLC, and **REMAND** for further proceedings.

9