[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13686

Non-Argument Calendar

_____

RITA D. TAYLOR,

Plaintiff-Appellant,

*versus*

SECRETARY, U.S. DEPARTMENT OF THE TREASURY,
U.S. ATTORNEY GENERAL,
PAULA MCCORMACK,
Supervisor, Revenue Officer (Retired),
PRIM ESCLEONA,
US Attorney,
COMMISSIONER OF INTERNAL REVENUE, et al.,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-00596-RDP

———————————————

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Rita D. Taylor, proceeding pro se, appeals the district court's dismissal on the ground that her suit was time-barred. In a nutshell, Taylor alleged that a cadre of city, state, and federal officers committed a series of unconstitutional acts against her during and following an arrest. Accordingly, Taylor brought claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Despite the many allegations levied here, the issue before us on appeal is straightforward: Do any of Taylor's claims survive the relevant statute of limitations? After careful review, we determine that they do not, and thus affirm.

**I**

The issues presented in this appeal stem from Taylor's arrest and her subsequent journey through the legal system. That journey began on December 6, 2019, when City of Huntsville police officers arrested Taylor for resisting arrest and obstructing government operations. She was held in custody until the next day, December 7, 2019. In exchange for having her criminal

charges dropped, Taylor then signed an agreement with the City on February 20, 2020, releasing all claims against the City and its officers arising from her arrest.  More than two years later, Taylor filed this suit on May 9, 2022, alleging that various state, local, and federal officials violated her constitutional rights during her arrest and detainment.  The district court dismissed Taylor's complaint on the ground that none of Taylor's claims survived the relevant two-year statute of limitations.

This is Taylor's appeal.  Although her arguments are difficult to discern, she seems to present two arguments.  First, she contends that her § 1983 and *Bivens* claims met the two-year statute of limitations.  Second, she asserts, for the first time on appeal, that an FTCA claim from a previously dismissed case extends the limitations period long enough for her current (non-FTCA) claims to survive.

## II

We review de novo both the district court's dismissal of a complaint for failure to satisfy the relevant statute of limitations, *see Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007), and the district court's interpretation and application of a statute of limitations, *see Dotson v. United States*, 30 F.4th 1259, 1264 (11th Cir. 2022).  In general, we construe a pro se litigant's pleadings liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  A district court must give a pro se plaintiff at least one opportunity to amend her complaint before dismissing it with prejudice, unless such an

amendment would be futile. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019).

### III

We first consider whether Taylor filed her § 1983 and *Bivens* claims before the relevant statute of limitations expired. We then assess whether Taylor's previously dismissed FTCA claim somehow extends the limitations period for the § 1983 and *Bivens* claims in this suit. Finally, we determine whether the district court erred either by not allowing Taylor to amend her complaint or by dismissing the complaint before the federal defendants responded.

### A

The statute of limitations for § 1983 and *Bivens* claims is the limitations period for personal-injury torts in the state where the action is brought. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (§ 1983); *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (*Bivens*). Although state law determines the limitations period, federal law dictates when the claims accrue. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Under federal law, the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be reasonably apparent. *Id.* at 561–62. In other words, a cause of action accrues when a plaintiff should know (1) that she was injured and (2) who inflicted the injury. *Id.* at 562.

Taylor brought her claims in a federal district court in Alabama. The relevant statute of limitations for these claims is therefore two years, the period that applies to personal-injury torts under Alabama law. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir.

2008). In terms of determining the proper accrual date, there are two relevant episodes. First, there is Taylor's release from jail on December 7, 2019, because her complaint alleges civil-rights violations surrounding her arrest and detention, and these events are the source of her alleged injuries. *See Rozar*, 85 F.3d at 561–62. Second, there is Taylor's act of signing a release agreement with the City on February 20, 2020, in which she pledged not to bring forward any claims related to her arrest. Because Taylor did not file her action until more than two years past the start of either plausible accrual date, any claim under § 1983 or *Bivens* is time-barred. *See Wallace*, 549 U.S. at 387; *Kelly*, 87 F.3d at 1238.

**B**

We construe Taylor's argument that a previously brought FTCA claim suspends the statute of limitations for her § 1983 and *Bivens* claims in this case as a request for equitable tolling. Under the doctrine of equitable tolling, a statute of limitations is paused "when a litigant has pursued [her] rights diligently but some extraordinary circumstance prevents [her] from bringing a timely action." *Fedance v. Harris*, 1 F.4th 1278, 1284 (11th Cir. 2021) (quotation marks omitted). But, significantly, the party seeking to toll the limitations period bears the burden of showing "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (*en banc*) (quotation marks omitted).

Taylor's argument that her old FTCA claim tolled the statute of limitations for the claims brought here also falls short.[1]  While we must construe Taylor's contentions liberally, these arguments—so far as we can tell—were not raised below.  As a result, they have been forfeited.  *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotation marks omitted)).  But even assuming that she did successfully preserve them, Taylor fails to identify any authority supporting her assertion that her previously brought FTCA claim extends the statute of limitations in this case.  Nor did she argue that her previously denied FTCA claim amounts to an "extraordinary circumstance" that "stood in [her] way and prevented [a] timely filing" of her § 1983 or *Bivens* claims.  *Villarreal*, 839 F.3d at 971.  Consequently, equitable tolling does not apply.

## C

Finally, Taylor did not challenge on appeal the district court's determination that it would have been futile to allow her to amend her complaint further.  Accordingly, that issue is likewise forfeited. *Access Now*, 385 F.3d at 1330 ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed

---

[1] To the extent that Taylor means to ask us to reverse a district court's ruling in a separate, previously dismissed case involving an FTCA claim, we lack jurisdiction because she did not appeal from that decision in a timely manner. *See* Fed. R. App. P. 4.

before the court is deemed abandoned and its merits will not be addressed."). So, too, are any possible claims that the district court erred because the federal defendants had not yet responded to Taylor's complaint and did not move to dismiss it. *Id.*

**AFFIRMED**.