**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11797

Non-Argument Calendar

_____

CASSIUS STANDIFER PEAK,

*Plaintiff-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-00517-JPB

_____

Before ABUDU, ANDERSON, and ED CARNES, Circuit Judges.

PER CURIAM:

Cassius Standifer Peak had surgery to treat a urological issue at the United States Department of Veterans Affairs (VA) Medical Center in Atlanta. He later filed a lawsuit against the VA, asserting

a claim of negligence under the Federal Tort Claims Act (FTCA). He alleged that the VA's surgical team injured his neck while he was under anesthesia.

The district court dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6) because Peak failed to file his lawsuit within the six-month statutory deadline after the VA had mailed a letter denying his claim. The court also determined that Peak had failed to meet his burden of showing extraordinary circumstances and the exercise of diligence necessary to justify the extraordinary remedy of equitable tolling.

## I.

Because this case was decided on a motion to dismiss, we accept the complaint's allegations as true and construe them in the light most favorable to Peak. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). Peak, who is a veteran of the United States Army, suffered a spinal injury in a motor vehicle collision in May 2018. About a year later, in August 2019 at the VA, he had a surgical procedure called a "cystoscopy" to address a urological issue. He was under anesthesia during that procedure.

He alleges that he told the nurse anesthetist about his neck problems and warned her that she could not "move [his] head around." Despite his warnings, the VA's surgical team allegedly "manipulated" his neck during the procedure, and he was injured as a result.

In August 2021 Peak submitted to the VA a Standard Form 95, titled "claim for damage, injury or death."[1]  The form listed Peak's name and address and the name and address of his attorney. It was signed by Peak and his attorney.

The VA denied Peak's claim and sent by certified mail a letter dated March 29, 2023, to Peak's attorney at the address he had provided on the Form 95.  Peak's attorney did not receive the denial letter because he had sold his office building and moved to a new office address in October 2021.  The complaint does not allege that Peak's attorney directly notified the VA of his change of address.  Peak does assert that his attorney filed a change of address notice with the post office when he moved in 2021.  And when he emailed with an attorney for the VA in 2023, Peak's attorney's signature block contained his current address.

On October 5, 2023, the VA emailed him a copy of the March 29, 2023 denial letter that it had previously sent by certified mail.  After Peak's attorney received that copy of the denial letter by email, four more months elapsed before he filed the present lawsuit on February 2, 2024.

## II.

---

[1] A copy of that form was attached to the complaint that Peak filed in the district court.  *See Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) (recognizing "that documents attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6)").

When the VA denies an FTCA claim, as it did here, a lawsuit challenging that decision must be filed "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim," or it is time-barred. 28 U.S.C. § 2401(b). Peak's lawsuit was not filed within that six-month window. It's undisputed that the VA sent Peak by certified mail a notice of final denial on March 29, 2023. Peak had until September 29, 2023, to file his lawsuit against the United States. He filed on February 2, 2024, more than four months too late. He contends, however, that his delay is excusable.

The Supreme Court has held "that the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). That does not mean relief is readily available. We have recognized that "equitable tolling is an extraordinary remedy which should be extended only sparingly." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (alteration and quotation marks omitted). To establish entitlement to it, Peak must show "extraordinary circumstances that are both beyond [his] control and unavoidable even with diligence." *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017); *see also Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017) ("[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling.").

Peak argues that the VA should have sent the denial letter to his attorney's current office address instead of the one he listed on the Standard Form 95 that he submitted to the VA.  He points out that his attorney filed a change of address form with the post office. His attorney communicated by phone and by email with an attorney for the VA, and his attorney's email signature block included his current address.  Even though he did not directly notify the VA of the address change, Peak asserts that there was nothing more his attorney could have done and that he exercised all the diligence he could.

The Supreme Court has explained that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).  In *Irwin* the plaintiff filed a complaint with his former employer, the VA, alleging that it had discriminated against him based on his race and physical disability.  *Id.* at 91.  The VA dismissed his complaint, and the EEOC affirmed the decision.  *Id.*  The plaintiff had a 30-day statutory deadline for filing a lawsuit to challenge the denial, and he failed to meet it, filing two weeks too late. *See id.*

He sought equitable tolling, arguing that his attorney had been out of the country at the time that the EEOC notice was received at his office.  *Id.* at 91, 93.  The plaintiff also asserted that he filed the lawsuit within 30 days of the date that he personally received notice.  *Id.* at 96.  The Court held that those circumstances

did not justify equitable tolling and were "at best a garden variety claim of excusable neglect." *Id.*

We have considered similar "missteps" by counsel and concluded that they "amount[ed] to a garden variety claim of excusable neglect" and were not "extraordinary circumstances warranting equitable tolling." *Dotson v. United States*, 30 F.4th 1259, 1270 (11th Cir. 2022). In that case the plaintiffs filed a lawsuit more than six months after the government agency mailed its denial letter to the address the plaintiffs' previous counsel had provided. *See id.* at 1268. The plaintiffs' current counsel, who were at a different firm and a different address, did not receive the denial letter. *See id.* at 1269. The current counsel continued to pursue the plaintiffs' case and discussed the possibility of settlement with counsel for the government. *See id.* When current counsel finally received the denial letter, the limitations period had already run, and they failed to establish the diligence necessary for entitlement to equitable tolling. *See id.* at 1270. We pointed out that there was no evidence that the plaintiffs or their counsel "diligently searched for the existence of the denial letter or inquired into the status of the administrative claims, e.g., by contacting the [previous] firm, the [agency], or even the government's trial counsel about those matters." *Id.*

The same is true in the present case. Peak's counsel established neither extraordinary circumstances nor the exercise of reasonable diligence necessary to justify the extraordinary remedy of equitable tolling. *See Stamper*, 863 F.3d at 1342. Peak has not alleged that his attorney directly notified the VA about his change of

address. And he has not alleged that his attorney informed counsel for the VA about the change of address during his communications with her. Instead, as the district court pointed out, Peak "essentially argues that the VA had an affirmative duty to notice [counsel's] new address on his email signature and update the address in their records." Peak's argument would have us upend the requirements for who must be diligent. Our equitable tolling precedent precludes that. *See Dotson*, 30 F.4th at 1270. The burden of diligence in complying with the filing deadline is on the plaintiff, not the VA. And Peak's counsel was not diligent in filing the lawsuit after he received the denial letter.

The district court correctly determined that Peak failed to establish that he was entitled to the extraordinary remedy of equitable tolling, meaning his lawsuit was time-barred under 28 U.S.C. § 2401(b).

**AFFIRMED.**